**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:12-cv-00471-GMN-VCF |
| vs. | **ORDER OF PERMANENT INJUNCTION** |
| MARGE L. CELLINI, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the United States' Motion for Default Judgment. (Doc. 20.) The defendant, Marge L. Cellini, individually, and d/b/a Tax Factory, Inc., and/or Myst Inc. ("Cellini"), was properly served and has failed to appear in this action. Entry of default was made against Cellini on September 11, 2012. (Doc. 14.) Having considered the motion, the file, and the applicable law, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction against Cellini.

The Court finds that Cellini continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and other fraudulent conduct that substantially interferes with the administration of the internal revenue laws. 26 U.S.C. § 7407(b)(1)(A), (D).

The Court further finds that Cellini has repeatedly engaged in fraudulent tax preparation practices involving numerous individual and corporate tax returns, beginning in 2001 and continuing at least through 2007. These returns contained fabricated and inflated itemized deductions causing significant understatement of tax liability by Cellini's clients.

The Court further finds that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent Cellini from further engaging in such conduct.

The Court further finds that because such conduct was continual and repeated, and because a narrower injunction would not be sufficient to deter Cellini's interference with the proper administration of the internal revenue laws, that Cellini should be enjoined from further acting as federal tax return preparer under 26 U.S.C. § 7407.

The Court further finds that Cellini engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent Cellini from further engaging in such conduct.

The Court further finds that Cellini engaged in conduct that interferes with the enforcement of the internal revenue laws. Therefore, the Court finds that injunctive relief is appropriate pursuant to 26 U.S.C. § 7402(a) to enforce the internal revenue laws.

Based on the foregoing, IT IS HEREBY ORDERED that Marge L. Cellini is permanently enjoined from directly or indirectly:

1. Preparing or filing federal tax returns, amended returns, claims for refund, or any other federal tax-related documents for anyone other than herself; and

2. Assisting in or directing the preparation or filing of federal tax returns, amended returns, claims for refund, or any other federal tax-related documents for anyone other than herself.

The Court will retain jurisdiction to enforce this injunction and the United States is permitted to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure to ensure compliance with this permanent injunction.

Pursuant to Fed. R. Civ. P. 65(d)(2), this order of permanent injunction binds the following who receive actual notice of it by personal service or otherwise:

1. The defendant, Marge L. Cellini;

2. Marge L. Cellini's officers, agents, servants, employees, and attorneys; and

3. Other persons who are in active concert or participation with anyone described in (1) or (2), above.

**IT IS SO ORDERED** this 10th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge