RICHARD G. ROSE
D.C. Bar No. 493454
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2032
E-mail: richard.g.rose@usdoj.gov

Attorney for the United States of America

JOHN R. LUSK
517 S. Third Street
Las Vegas, NV 89101
(702) 382-3946
jrl@lvcoxmail.com

Attorney for Harry Portnoy

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) 2:12-cv-00471-GMN-VCF |
| | ) |
| v. | ) **CONSENT JUDGMENT OF** |
| | ) **PERMANENT INJUNCTION** |
| MARGE L. CELLINI and HARRY | ) |
| PORTNOY, individually, and d/b/a TAX | ) |
| FACTORY, INC., and/or MYST INC., | ) |
| | ) |
| Defendants. | ) |

Plaintiff, the United States of America, has filed a complaint for permanent injunction against defendant Harry Portnoy. Harry Portnoy admits that this Court has jurisdiction over him and over the subject matter of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and under 26 U.S.C. §§ 7402. Harry Portnoy does not admit or deny any of the other allegations in the complaint.

Harry Portnoy voluntarily consents to entry of this permanent injunction under 26 U.S.C. §§ 7402, 7407, and 7408 and waives any right he may have to appeal from this permanent injunction. The parties waive the entry of findings of fact and conclusions of law under Federal

Rules of Civil Procedure 52 and 65. The parties agree that they will each bear their own costs, including any attorneys' fees or other expenses of this litigation.

The parties further agree that entry of this permanent injunction resolves only this civil injunction action, and neither precludes the United States from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Harry Portnoy from contesting his liability in any matter or proceeding.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402(a).

2. Harry Portnoy is permanently enjoined from directly or indirectly:

   A) Preparing or filing federal tax returns, amended returns, claims for refund, or any other federal tax-related documents (or assisting or directing the preparation of such documents) until he:

      i. complies with all requirements for applying for and obtaining a Preparer Tax Identification Number ("PTIN") from the IRS; and

      ii. applies for and obtains a PTIN from the IRS;

   B) Representing, or appearing on behalf of, any person before the IRS until he:

      i. complies with all requirements for applying for and obtaining a Preparer Tax Identification Number ("PTIN") from the IRS; and

      ii. applies for and obtains a PTIN from the IRS;

   C) Engaging in conduct subject to penalty under 26 U.S.C. § 6695, including:

      i. Failing to disclose his PTIN on any federal tax returns, amended returns, claims for refund, or any other federal tax-related documents that he prepares;

      ii. Failing to sign any federal tax returns, amended returns, claims for refund, or any other federal tax-related documents that he prepares;

      iii. Failing to furnish a completed copy of any federal tax returns, amended returns, claims for refund, or any other federal tax-related documents to the taxpayer for whom such tax-related documents were prepared not later than the time such tax-related documents are presented for such taxpayer's signature;

      iv. Failing to retain, for a period of 3 years, a completed copy of any federal tax returns, amended returns, claims for refund, or any other federal tax-related documents that he prepared or assisted in preparing, or failing to retain, on a list, the name and taxpayer identification number of the taxpayer for whom such federal tax-related documents were prepared;

      v. Failing to make any copies or lists described in paragraph 2.B.iv above available, for a period of 3 years, for inspection upon request by the IRS;

      vi. Failing to exercise due diligence in determining any taxpayers' eligibility for the Earned Income Tax Credit; and

    D) Engaging in any other conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701.

3.     Harry Portnoy is ORDERED, pursuant to 26 U.S.C. § 7402(a), to produce to counsel for the United States, by no later than May 1, 2014, a sample of the federal tax returns

that he prepared or assisted in preparing for tax year 2013, selected at random by the United States, along with the corresponding customer files, to ensure substantiation of information reported on each return.

4. Harry Portnoy is ORDERED, pursuant to 26 U.S.C. § 7402(a), to produce to counsel for the United States, by no later than May 1, 2015, a sample of the federal tax returns that he prepared or assisted in preparing for tax year 2014, selected at random by the United States, along with the corresponding customer files, to ensure substantiation of information reported on each return.

5. Harry Portnoy is ORDERED, pursuant to 26 U.S.C. § 7402(a), to mail, within 10 days of this order, a written notice to Gerald Killeen and Jamie McGowan. This written notice shall inform Gerald Killeen and Jamie McGowan that a permanent injunction has been entered against Harry Portnoy and shall contain a copy of this permanent injunction. This written notice shall contain no other enclosures unless approved by counsel for the United States and/or the Court. Further, Harry Portnoy is ORDERED, pursuant to 26 U.S.C. § 7402(a), to file a certificate of compliance with the Court within 30 days of this order, signed under the penalty of perjury, stating that he has complied with this paragraph.

6. Harry Portnoy is ORDERED, pursuant to 26 U.S.C. § 7402(a), that he shall be solely responsible for the notification and certification requirements set forth in paragraph 5 and Harry Portnoy will be required to bear all costs associated with the certification and notification requirements set forth in paragraph 5.

7. The United States shall be permitted to engage in post-judgment discovery to ensure compliance with this permanent injunction.

8. This Court shall retain jurisdiction over Harry Portnoy and this action for purposes of implementing and enforcing this permanent injunction.

9. Pursuant to Fed. R. Civ. P. 65(d)(2), this order of permanent injunction binds the following who receive actual notice of it by personal service or otherwise:

    A) The defendant, Harry Portnoy;

    B) Harry Portnoy's officers, agents, servants, employees, and attorneys; and

    C) Other persons who are in active concert or participation with anyone described in (A) or (B), above.

///

///

///

///

///

///

///

///

///

///

///

///

///

Consented to and submitted by:

/s/ Richard G. Rose
RICHARD G. ROSE
D.C. Bar No. 493454
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2032
E-mail: richard.g.rose@usdoj.gov

Attorney for the United States of America

HARRY PORTNOY
Defendant

/s/ John R. Lusk
JOHN R. LUSK
517 S. Third Street
Las Vegas, NV 89101
(702) 382-3946
jrl@lvcoxmail.com

Attorney for Harry Portnoy


**IT IS SO ORDERED** this 20th day of February, 2014.

Gloria M. Navarro, Chief Judge
United States District Court